07-5222-cr(L)
USA v. Ware

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**S U M M A R Y   O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand eleven.

Present:     AMALYA L. KEARSE,
             ROBERT D. SACK,
             PETER W. HALL,
                        Circuit Judges.

_____

UNITED STATES OF AMERICA,

                        Appellee-Cross-Appellant,

                - v. -                              Nos.   07-5222-cr(L)
                                                           07-5670-cr

ULYSSES THOMAS WARE, also known as Thomas Ware,

                        Defendant-Appellant-Cross-Appellee.

_____

For Appellant:     Ulysses Thomas Ware pro se, Brooklyn, N.Y.

For Appellee:  Andrew L. Fish, Ass't U.S. Att'y, SDNY, N.Y., N.Y.

Appeal from the United States District Court for the Southern District of New York.

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, William H. Pauley III, Judge, and was submitted.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

This appeal, dealt with in part in United States v. Ware, 577 F.3d 442 (2d Cir. 2009) ("Ware I"), cert. denied, 131 S. Ct. 432 (2010), in which we affirmed defendant Ulysses Thomas Ware's fraud and conspiracy convictions, has been reinstated in accordance with Ware I, following proceedings in the district court on remand with respect to sentencing issues relating to the scope of the criminal activity that resulted in those convictions.  The sentence originally imposed on Ware was based on a calculation that included a four-step increase in the offense level recommended by the advisory Sentencing Guidelines ("Guidelines") for a defendant who played a leadership role in a criminal activity that involved five or more participants or was otherwise extensive, see Guidelines § 3B1.1(a).  Although the district court's original findings supported the conclusion that Ware was a leader, we concluded in Ware I that those findings were not sufficient to reveal the factual basis for the conclusion that the criminal activity involved five or more "participants," as that term is explained in Guidelines § 3B1.1, Application Note 1, or that the activity was "otherwise extensive" in a sense that would distinguish it from activity warranting a lesser offense-level enhancement.  See 577 F.3d at 453-54.  Accordingly, we remanded the case to the district court for either supplementation of the record with findings as to why the criteria of § 3B1.1(a) were met, or resentencing if those criteria were not met.  Familiarity with the prior proceedings and the discussion in Ware I is assumed.

On remand, in an Order entered on August 13, 2010 ("Ware II"), the district court declined to resentence Ware, concluding that the four-step leadership role enhancement was warranted, and making supplemental findings that are discussed in greater detail below.  Following the entry of Ware II, this appeal was reinstated.  On October 8, 2010, this Court entered an order allowing the parties, within 10 days, to file supplemental letter briefs addressing the additional findings made in Ware II.  Extensions of time were granted to each side.  The government has submitted a letter brief in support of the district court's decision.  Ware has filed motions to compel the government to disclose to him certain categories of documents and information that are not relevant to this appeal, which is decided on the record in the district court.  Ware has made no submission with respect to the merits of the district court's decision in Ware II, to which we now turn.

A "participant" in criminal activity for the purposes of Guidelines § 3B1.1(a) is "a person who, though perhaps not convicted, 'is criminally responsible for the commission of the offense.'"  Ware I, 577 F.3d at 453 (quoting Guidelines § 3B1.1, Application Note 1).  In the present case, there were four obvious participants in Ware's securities fraud scheme, to wit, Ware himself, Carleton Epps, Jeremy Jones, and Myron Williams.  See Ware I, 577 F.3d at 453.  On remand, the district court found that Thomas Vidmar, the Chief Executive Officer of Investment Technology, Inc., was a "fifth knowing participant in the

criminal activity" because the evidence at trial showed that Vidmar "was aware of the scheme" and that he nonetheless continued to pay individuals with shares of that company that were affected by the fraudulent press releases. Ware II at 2-3.

We review the factual findings of the district court for clear error. See, e.g., United States v. Stewart, 590 F.3d 93, 134-35 (2d Cir. 2009), cert. denied 130 S. Ct. 1924 (2010). Based on our review of the record, we see no error in the district court's finding that Vidmar was a fifth participant in Ware's criminal activity within the meaning of § 3B1.1(a). Accordingly, we conclude that the court properly ruled that under that section, the four-step increase in Ware's advisory-Guidelines offense level was warranted.

The district court also made findings in support of its conclusion that Ware's criminal activity was "otherwise extensive" within the meaning of § 3B1.1(a). The four-step increase in offense level recommended by that section is applicable where the criminal activity led by the defendant either "involved five or more participants or was otherwise extensive." Guidelines § 3B1.1(a) (emphasis added). Since there was no error in the court's finding that the criminal activity led by Ware involved five participants, we need not address the court's findings in support of its conclusion that the criminal activity was otherwise extensive.

Finding no error in Ware's sentence, we affirm the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk